THE STATE v. CHAPEL, *Appellant.*

### Division Two, November 9, 1893.

Criminal Law: FALSE PRETENSES: INDICTMENT. An indictment
charged that defendant did "unlawfully and feloniously, with intent
to cheat and defraud, obtain from one, F. $14.60 lawful money of the
United States by means and by use of a cheat, a fraud, a trick, a
deception, a false and fraudulent representation and statement and
false pretense, a bogus written instrument." *Held,* that the indict-
ment was insufficient in failing to inform defendant of the nature of
the charge against him.

*Appeal from Newton Circuit Court.*—J. C. LAMPSON,
Judge.

REVERSED.

*J. H. Pratt* for appellant.

(1) The indictment does not state of what the
cheat, the fraud, the trick, the deception, the false and
fraudulent representations and the bogus instrument of

writing consisted, and does not furnish the accused the nature and cause of the accusation against him. It is a sacred right of the accused that he may know from the indictment of what he is charged and be prepared to meet the exact charge presented against him. *State v. Pullens*, 81 Mo. 387; *State v. Clay*, 81 Mo. 387; 100 Mo. 572; Bill of Rights, sec. 22, art. 2; Bishop on Criminal Procedure, secs. 86, 88, 519. (2) It does not allege that Frank Featherstun, from whom the money was obtained, relied upon the representations made, nor that the representations were false, and defendant knew them to be so. *State v. Evers*, 49 Mo. 542; *State v. Sanders*, 63 Mo. 482; *State v. Bonnell*, 46 Mo. 395; *State v. Connor*, 11 N. E. Rep. 454; *Pattee v. State*, 10 N. E. Rep. 421; *State v. Delay*, 5 S. W. Rep. 607.

*R. F. Walker*, Attorney General, for the state.

The indictment in this case is drawn under section 3826, Revised Statutes, 1889, which section has by this court been held unconstitutional. The indictment is insufficient, and the motion in arrest should have been sustained. It fails to notify the defendant of the charge he is required to defend, and does not charge the manner or means by which fraud was perpetrated and the money or property obtained. *State v. Terry*, 109 Mo. 601; *State v. Benson*, 110 Mo. 18; *State v. Cameron, ante*, p. 371.

SHERWOOD, J.—The charging portion of the indictment under which the defendant was tried and convicted is as follows: "That, on or about the twenty-eighth day of September, 1892, at the county of Newton and state of Missouri, one, Marius Chapel, did then and there unlawful and feloniously, with intent to

cheat and defraud, obtain from Frank Featherstun $14.60, lawful money of the United States of the value of $14.60—the money of Frank Featherstun—by means and by use of a cheat, a fraud, a trick, a deception, a false and fraudulent representation and statement and false pretense, a bogus written instrument, contrary to the form of the statutes and against the peace and dignity of the state."

Under the ruling of this court in *State v. Terry*, 109 Mo. 601; *State v. Benson*, 110 Mo. 18; *State v. Cameron, ante*, p. 371; *State v. Fleming, ante*, p. 377; the indictment in this cause is wholly insufficient in the particulars in those cases specified, and therefore judgment reversed and defendant discharged.   All concur.

<hr/>

